UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| CLIFTON FUNZIE,<br>Petitioner | CIVIL ACTION NO. 1:18-CV-1071-P |
| VERSUS | JUDGE DEE D. DRELL |
| WARDEN,<br>Respondent | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court is a petition for writ of habeas corpus (28 U.S.C. § 2241) filed by pro se Petitioner Clifton Funzie (#21854-076) ("Funzie"). Funzie is an inmate in the custody of the United States Bureau of Prisons ("BOP"), incarcerated at the Federal Correctional Institution in Pollock, Louisiana. Funzie challenges the computation of his sentence by the BOP, the validity of the sentence imposed by the district court, and the performance of his attorney at sentencing.

Because Funzi has received all the credit due on his federal sentence, his claim for additional credit for time served should be denied and dismissed. Funzi's challenge to his attorney's performance and the legality of the sentence imposed by the district court should be dismissed for lack of jurisdiction.

I.  Background

Funzie was arrested by Tennessee authorities for aggravated robbery while on parole in several state criminal cases. (Doc. 1-2, p. 11). Shortly thereafter, the Tennessee Department of Corrections revoked Funzie's parole, and Funzie was

placed in the custody of the Tennessee Department of Corrections to serve the remainder of his 20-year sentence.

Funzie was thereafter convicted in the United States District Court for the Western District of Tennessee of two counts of possession of a firearm by a convicted felon. (Docket No. 2:07-CR-20192, W.D. Tenn., Doc. 73). Funzie was sentenced to 188 months of imprisonment, to be served "consecutive to the Parole Violations out of Shelby County Criminal Court, Memphis, TN in cases 99-05116, 99-05117, 99-05118, 99-05119, 99-05120, 99-05121, 99-05122 and 99-05127." (Docket No. 2:07-CR-20192, W.D. Tenn., Doc. 73).

Funzie did not appeal, but filed a motion to vacate under 28 U.S.C. § 2255 raising three claims: (1) whether his sentence was illegal; (2) whether his attorney rendered ineffective assistance in connection with the sentencing; and (3) whether his guilty plea was intelligent and voluntary. (Docket No. 2:09-CV-02644, W.D. Tenn.). The court denied Funzie's motion in a 21-page ruling. (Docket No. 2:09-CV-02644, W.D. Tenn., Doc. 13). Funzie did not appeal.

In his § 2241 petition, Funzie claims the BOP failed to grant a *nunc pro tunc* designation. Funzie also complains that his sentence was miscalculated by the trial court, and that his attorney provided ineffective assistance at sentencing.

II. Law and Analysis

    A. Funzie's § 2241 claim for additional credit is meritless.

The authority to grant or deny credit for time served, or a *nunc pro tunc* designation, is specifically reserved to the United States Attorney General, who has

delegated that responsibility to the BOP. See U.S. v. Wilson, 503 U.S. 329 (1992). The district court may review a challenge to the BOP's refusal to grant credit or make such a designation in a § 2241 petition. See Pierce v. Holder, 614 F.3d 158, 160 (5th Cir. 2010).

When a federal judgment is silent with respect to whether sentences are to run concurrently or consecutively, the presumption is that they will run consecutively unless the court specifically orders that they run concurrently. See 18 U.S.C. § 3584(a); U.S. v. Jack, 566 Fed. Appx. 331, 332 (5th Cir. 2014); Free v. Miles, 333 F.3d 550, 553 (5th Cir. 2003). In Funzie's case, the federal court specifically and clearly ordered that the federal sentence run consecutive to the state sentence in the enumerated cases. (Docket No. 2:07-CR-20192, W.D. Tenn., Doc. 73).

Furthermore, 18 U.S.C. § 3585(b) prohibits the application of any time toward a federal sentence that has been credited against another sentence. The time during which Funzie was "loaned" to the federal court pursuant to a writ of habeas corpus *ad prosequendum* was credited toward Funzie's state sentence. (Doc. 1, p. 23). Therefore, Funzie is only entitled to federal credit from the date he was released on parole to the exclusive custody of the federal authorities.

    B.    <u>This Court lacks jurisdiction over Funzie's claims regarding the legality of his sentence and the assistance of counsel.</u>

Funzie alleges that his sentence was improperly calculated by the district court, and his attorney provided ineffective assistance at the sentencing. A federal prisoner may challenge his sentence under either §§ 2241 or 2255. Though closely related, these two provisions are "distinct mechanisms for seeking post-conviction

3

relief." Pack v. Yusuff, 218 F.3d 448, 451 (5th Cir. 2000). A § 2241 petition may be filed by a prisoner challenging the manner in which his sentence is being executed or the prison authorities' determination of its duration. See Reyes–Requena v. U.S., 243 F.3d 893, 900–01 (5th Cir. 2001); Pack, 218 F.3d at 451. The proper venue for such a challenge is the district in which the prisoner is incarcerated. See Kinder v. Purdy, 222 F.3d 209, 212 (5th Cir. 2000) (citing Pack, 218 F.3d at 451).

In contrast, a § 2255 motion should be used to vacate, set aside, or correct a sentence based on errors that occurred at or prior to sentencing. See Cox v. Warden, Federal Detention Ctr., 911 F.2d 1111, 1113 (5th Cir. 1990) (citing United States v. Flores, 616 F.2d 840, 842 (5th Cir. 1980)). A § 2255 motion "provides the primary means of collateral attack on a federal sentence" and must be filed in the court that issued the contested sentence. See Cox, 911 F.2d at 1113.

Funzie's challenge to the length of his sentence as calculated at the time of sentencing, and his challenge to the attorney's performance at sentencing, must both be raised under § 2255 in the court of conviction. See Truesdale v. Menifee, 243 F. App'x 827, 828 (5th Cir. 2007) (unpublished) (ineffective assistance claim directly challenges conviction and is not cognizable under § 2241 unless requirements of savings clause can be met).

Section 2255(e) provides a limited exception to the rule that a § 2241 petition may not be used to challenge the validity of a federal sentence and conviction. See Pack, 218 F.3d at 452. This "savings clause" allows a prisoner to rely on § 2241 if the remedy available under § 2255 would be "inadequate or ineffective to test the legality

4

of his detention." 28 U.S.C. § 2255(e). A petitioner bears the burden of affirmatively proving that the § 2255 remedy is inadequate or ineffective. See Pack v. Yusuff, 218 F.3d 448, 452 (5th Cir. 2000). A prisoner may not utilize § 2241 merely to avoid procedural hurdles presented under § 2255, such as the one-year statute of limitations or the restriction on filing second or successive motions to vacate. See Pack, 218 F.3d at 453 (holding that neither a limitations bar nor successiveness make § 2255 ineffective or inadequate).

The Fifth Circuit has identified the limited circumstances under which the savings clause of § 2255 applies. To fall under the savings clause, a petitioner must demonstrate that: (1) his claim is based on a retroactively applicable Supreme Court decision; (2) the Supreme Court decision establishes that he was "actually innocent" of the charges against him because the decision decriminalized the conduct for which he was convicted; and (3) his claim would have been foreclosed by existing circuit precedent had he raised it at trial, on direct appeal, or in his original § 2255 petition. See Reyes–Requena, 243 F.3d at 904.

Funzi has already filed a § 2255 motion. Funzi cannot overcome the prohibition of filing a second or successive § 2255 motion by presenting his claims in a § 2241 petition. Funzi does not allege that he meets any of the requirements of the savings clause, and he has not identified a retroactively applicable Supreme Court decision establishing his innocence.

### III. Conclusion

Based on the petition, exhibits, and the record from Funzi's criminal case, it is clear that Funzi received all the credit to which he is entitled. Therefore, IT IS RECOMMENDED that Funzi's § 2241 petition seeking additional credit toward his 188-month sentence be DENIED and DISMISSED, with prejudice. Funzi's claims regarding the length of sentence imposed and the assistance of his attorney should be DISMISSED without prejudice for lack of jurisdiction.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), parties aggrieved by this Report and Recommendation have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of the objection to the undersigned is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling.

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days from the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.


THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this __24th__ day of September, 2018.

_____
Joseph H.L. Perez-Montes
United States Magistrate Judge